IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETHAN TODD STEWART, 1754814, | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-449-L |
| | ) | |
| STATE OF TEXAS, | ) | |
|       Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I. Statement of the Case**

Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Respondent is the State of Texas. Petitioner filed this action seeking a writ of mandamus. No process has issued in this case.

**II. Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity, petitioner's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A provides for *sua sponte* dismissal if the Court finds the complaint frivolous or if the complaint fails to state a claim upon which relief may be granted.

### III. Discussion

Petitioner asks this Court to order the Texas State courts to provide him with a written opinion on his constitutional challenge to a state statute. Federal courts, however, lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Dekalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). In this case, Petitioner seeks only mandamus relief. The petition therefore lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 1915(A)(b)(1). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

### RECOMMENDATION:

For the foregoing reasons, the Court recommends that the petition be dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b).

Signed this 11th day of March, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).